# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD DINEZ JOHNSON, )<br>a/k/a Cedric Miller, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | No. 4:07CV00365 ERW |

## MEMORANDUM AND ORDER

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence [doc. #1] pursuant to Title 28 U.S.C. §2255.

## I. BACKGROUND FACTS

Reginald Dinez Johnson ("Mr. Johnson") was charged on August 19, 2004, in Count I of a Second Superseding Indictment charging a conspiracy to distribute and to possess with the intent to distribute in excess of five (5) kilograms of cocaine and PCP, in violation of Title 21 U.S.C. § 841(a); 846 and 841(b)(1)(A)(ii). A jury declared him guilty on December 8, 2004. On March 3, 2005, he was sentenced to a term of imprisonment of 292 months and a five-year period of supervised release. Mr. Johnson's direct appeal was denied by the Eighth Circuit Court of Appeals in a case reported at 450 F.3d 366 (8th Cir. 2006), and Petitioner's writ of certiorari was denied November 6, 2006. Mr. Johnson raises two claims for *habeas corpus* relief. In Ground One, Mr. Johnson states that "[c]ounsel committed ineffective assistance when he failed to raise a valid Fourth Amendment claim," and in Ground Two, he says "[s]entencing counsel failed to present arguments for a sentence substantially lower than the Guidelines."

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. §2255

Pursuant to 28 U.S.C. §2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. For § 2255 petitions, "the question in each case must be . . . whether the kind of violation alleged demonstrates either 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'" *Poor Thunder v. United States*, 810 F.2d 817, 822 (8th Cir. 1987) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The Court must hold an evidentiary hearing to consider claims in a §2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994), quoted in *Furnish v. United States*, 215 F.Supp.2d 1020, 1023 (E.D. Mo. 2000); 28 U.S.C. § 2255. Thus, a petitioner is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the petitioner] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

A §2255 petition may be based upon a violation of the Sixth Amendment right to effective assistance of counsel. A showing of ineffective assistance of counsel requires a petitioner to demonstrate that "(1) his counsel so grievously erred as to not function as the counsel guaranteed by

2

the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To prove ineffective assistance under the first prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

The recent Eighth Circuit case of *Marcrum v. Luebbers*, No. 05-3930 (Dec. 7, 2007), is very instructive in resolving the issue of "deficiency of performance" in the *Strickland* context:

> The test we apply for deficiency of performance is an objective standard of reasonableness. Id. at 688. In *Strickland*, when the Supreme court pronounced this standard, it expressly declined to dictate detailed rules for deciding reasonableness: "More specific guidelines are not appropriate." Id. However, *Strickland* gave us several guides to decision: we must assess reasonableness on all the facts of the particular case, we must view the facts as they existed at the time of counsel's conduct, and we must evaluate counsel's performance with a view to whether counsel functioned to assure adversarial testing of the state's case. Id. at 690. Moreover, the reasonableness of counsel's actions may depend on his client's wishes and statements. Id. at 691; see *Schriro v. Landrigan*, 127 S.Ct. 1933, 1941 (2007) (client's statement to court that he did not wish to present mitigating evidence supported state court finding of no prejudice from counsel's failure to investigate such evidence). A court considering a defendant's attack on his conviction must be "highly differential" in assessing whether counsel's course of conduct could be considered a sound trial strategy rather than an error, *Strickland* 466 U.S. at 689, and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," id. In other words, the burden of proof is on the petitioner to show that "his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 U.S. at 384.
>
> * * *
>
> If viewed with appropriate deference, counsel's performance was in fact deficient, the convicted defendant will only be entitled to relief if he shows there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in outcome." Id. The reviewing court must not consider the attorney error in isolation, but instead must assess how the error fits into the big picture of what happened at trial. Id. at 696. "[A] verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Id.

3

*Marcrum v. Luebbers*, No. 05-3930 (8th Cir. 2007) slip op. at pp. 21-23.

Even if sufficient proof exists of deficient performance, relief may only be obtained if a petitioner also proves that counsel's deficient performance prejudiced the case. Id. at 694. The Court may address the two prongs of the *Strickland* test in any order, and if a petitioner fails to make a sufficient showing on one prong, the Court need not address the other. Id. at 697; *Matthews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

## III. ANALYSIS

### A. GROUND ONE

Mr. Johnson complains that his trial counsel, Matthew A. Radefeld, was ineffective as his counsel for failing to file a motion to suppress evidence consisting of his possessions. Mr. Johnson was searched at the Jennings' jail on December 11, 2001. An inventory search of his possessions occurred. His trial counsel challenged the search, and as to this action by his trial counsel, Mr. Johnson does not complain. He says that Mr. Radefeld was ineffective for failing to contest the seizure and search of petitioner's possessions conducted on either December 12, 2001, or at a "later date." The objects were seized at the time of his arrest but not examined until a later time. It is this subsequent examination as to which Mr. Johnson complains. Mr. Johnson says the evidence shows that his cellular telephone was searched a day after or within days after Petitioner's arrest on December 11th. He claims the "search" of his telephone occurred a day or more after his arrest and after he was released from custody. He says that he was not charged at the time the "search" of his telephone occurred, had this search been challenged, the result of his case would have been different, because the "cellphone, pager and documentary evidence taken from petitioner was used as evidence to connect petitioner to the drug conspiracy and co-defendants."

4

Mr. Johnson's allegations are inconsistent with the record in this case. Mr. Radefeld filed a motion to suppress evidence prior to trial and refiled the motion upon the filing of a superceding indictment, challenging the seizure of Mr. Johnson's property and belongings at the time of his arrest. The assigned magistrate judge recommended that there was no constitutional violation in the seizure, and this Court adopted the magistrate's report and recommendation. Trial counsel then filed a *motion in limine*, before trial, seeking to exclude the seized property contemporaneous to his arrest, arguing unsuccessfully that too much time had elapsed from the time of the seizure of the property until the objects were actually reviewed. This Court denied that motion. Mr. Johnson's appellate counsel raised a constitutional challenge to the search and seizure of Petitioner's property, arguing the same constitutional claim trial counsel had raised in the *motion in limine*. The Appellate Court recognized that a period of time had elapsed between the time of Mr. Johnson's arrest and the later search of his property, but that the search was reasonable under the Fourth Amendment. *Johnson*, at 371.[1] The very claim for which Mr. Johnson faults his trial counsel was raised in the District Court and on his direct appeal.

It is clear beyond any question that Mr. Johnson's trial counsel, after considering all of the facts and circumstances of this case, satisfied the objective standard of reasonableness in his total

---

[1] The Appellate Court's conclusions identify the objects taken from Mr. Johnson: "Johnson was searched either at the scene or at the Jennings Municipal Jail, and the items found on his person were placed in a plastic bag. FBI Agent Henry Vera testified that the bag contained the following items: an Illinois identification card bearing a picture of Johnson and the name of Cedric Miller, a cellular telephone, a pager, and loose slips of paper containing incriminating information. The FBI transferred the bag containing Johnson's personal property to the Jennings Police Department. After booking Johnson, the police returned the bag to the FBI. Agent Vera testified that he participated in the investigation of Johnson's personal property on December 11 or 12, 2001, and that the accompanying report was transcribed on December 16, 2001."

performance as Mr. Johnson's trial counsel. Mr. Johnson fails to carry his burden of proof on deficiency of performance of his trial counsel in any manner. Mr. Johnson fails in his burden of proof to show that his trial counsel's performance was either deficient or that he was prejudiced by his trial counsel's performance. Additionally, there was very substantial evidence of Mr. Johnson's guilt for the jury's consideration, in addition to the relatively insignificant evidence Mr. Johnson challenges. In addition, Mr. Johnson testified, subjecting himself to cross-examination. Mr. Johnson fails to satisfy either of the *Strickland* prongs and Mr. Johnson's claim for *habeas corpus* relief under Ground One will be denied.

### B. GROUND TWO

In this ground, Mr. Johnson believes that his trial counsel was ineffective for failing to investigate or present mitigating evidence at the sentencing hearing. The result achieved by Mr. Johnson's trial counsel in achieving a non-guideline sentence for Mr. Johnson belies Mr. Johnson's arguments on this ground. At the sentencing hearing, Mr. Radefeld demonstrated that he had in fact investigated Mr. Johnson's background, because he made a persuasive argument at the sentencing hearing.

Mr. Radefeld argued for a non-guideline sentence based on rehabilitative characteristics of Mr. Johnson. It is very apparent that Mr. Radefeld thoroughly investigated the background of Mr. Johnson and effectively used the results of the investigation to argue persuasively to get the Court to give a non-guideline sentence, reducing the sentence one level, from a U.S.S.G. range of 324 months to 405 months to a U.S.S.G. range of 292 months to 365 months. Mr. Johnson's total offense level was 41. The Court observed at sentencing that this drug conspiracy was one of the largest the Court had witnessed when considering the 18 U.S.C. §3553(a) factors. Any lower

sentence, no matter how persuasive representation might have been for Mr. Johnson, would have been an unreasonable sentence in this Court's judgment, considering Mr. Johnson was a "manager or supervisor" in this conspiracy accountable for 150 kilograms or more of cocaine and "30 kilograms or more of P.C.P."

Mr. Radefeld began his persuasive argument at sentencing by inviting the Court to impose a non-guideline sentence, correctly citing the legal authority for such a sentence. He compared his client, Mr. Johnson, to others in the conspiracy, recognizing "the people who have been previously convicted for dealing drugs, for robbing, stealing, and cheating, . . . ." were quite different that Mr. Johnson. (Sent. Tr. P. 12, L. 11-12). He distinguished Mr. Johnson who had never been in trouble, "who grew up in a somewhat tough neighborhood where it is not uncommon for a young black male to be a convicted felon by the age of 21, or being shot or dead." (Sent Tr. P. 12, L. 16-19).

Mr. Radefeld noted that Mr. Johnson had turned himself into authorities and "abided by every condition that the Court put on him in pretrial release. He never had a single violation while on pretrial release. He completed a substance abuse treatment program. Did he do that because he had a drug problem? No. He did that because that's what pretrial release told him to do, and he did it successfully. Reginald Johnson is the type of person that rehabilitative efforts would not be lost on."

"Now these children of Reginald Johnson are enough, your Honor, are reason enough for him to - to live his life productively . . . He is an individual with a loving family who is in court here with you today, Judge, and I believe many of them have written letters to the Court, and he has two young daughters." (Sent Tr. P. 13, L. 16 - P. 14 L. 1; P. 14, L. 8-11).

Mr. Johnson fails to show deficient performance by his trial counsel or that he was in any way prejudiced by the performance of his trial counsel. Ground Two of Mr. Johnson's Petition for

7

*Habeas Corpus* relief will be denied.

The Court finds no need for an evidentiary hearing in this case. There is no need for the presentation of any evidence at a hearing. The Court is able to make its conclusion based on the record in the case.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Reginald Dinez Johnson is not entitled to relief under 28 U.S.C. §2255 for any of the reasons raised in Grounds One or Two of his Petition.

**IT IS FURTHER ORDERED** that no evidentiary hearing will be permitted in this case, because all issues are capable of and have been decided on the record.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's §2255 Petition.

So Ordered this 29th Day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE