UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| REGINALD DINEZ JOHNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV00365 ERW |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Movant's Motion under Federal Civil Rules of Procedure Pursuant to Rule 60(d)(3) Requesting Reconsideration for Reopening the Original Judgment Denying the § 2255 Petition [doc. #6]. Reginald Dinez Johnson ("Movant") is seeking the reconsideration of the Court's Memorandum and Order dated January 29, 2008. In the Memorandum and Order, this Court denied Movant's § 2255 motion, and denied Movant a certificate of appealability.

In the present Motion, Movant argues that a "fraud on the court" was perpetrated by the Court itself. Among the allegations, Movant claims that there was impermissible pre-trial intervention and a conspiracy between the Court, the United States Attorney, and Movant's defense counsel to deprive Movant of his federal rights. Movant argues that his motion is not a successive § 2255 motion, but rather a motion for relief under Rule 60(d)(3), because it seeks to reopen his § 2255 proceedings. By contrast, motions under 28 U.S.C. § 2255 seek to set aside, vacate, or correct an inmate's sentence.

Rule 60(d)(3), "fraud on the court," is a "somewhat nebulous concept." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1993). The Rule functions as a saving clause by recognizing a court's pre-existing power to set aside a judgment for fraud on the court without a strict time bar. *Jackson v. Thaler*, 2009 WL 3241499, at *4 (5th Cir. Oct. 9, 2009). However, the concepts of fraud and fraud on the court are distinct under the plain terms of Rule 60. *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989); *see also Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) ("Fraud between the parties and fraud on the court are two distinct bases for post-judgment relief."). "Fraud on the court claims merit separate analysis not only because they are exempt from the one year time-period for filing claims under Rule 60(b)(3), but also because they are much more difficult to prove." *Zurich*, 426 F.3d at 1291 (citing 11 Charles Alan Wright & Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §§ 2860, 2870 (2d ed.1995)). Only a small number of those acts that can be considered fraud amount to "fraud upon the court." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1085 (Fed. Cir. 1993).

The fraud contemplated by Rule 60(d)(3) "is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated with the good order of society." *Bewig v. United States*, 2010 WL 4177452, at *1-2 (E.D. Mo. Oct. 20, 2010) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)). This narrow concept embraces "only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for

adjudication."[1] *Wilson*, 873 F.2d at 872 (quoting *Kerwit Med. Prods., Inc. v. N. & H. Inst., Inc.*, 616 F.2d 833, 837 (5th Cir. 1980)); *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th Cir. 2006). "[O]nly the most egregious misconduct . . . will constitute fraud on the court." *Williams v. Dormire*, 2010 WL 3733862, at *2 (E.D. Mo. Sept. 20, 2010) (citing *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted)). Schemes egregious enough to rise to fraud on the court generally take the form of bribery of a judge or jury, or the fabrication of evidence by an officer of the court. *Rozier*, 573 F.2d at 1338 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *overturned on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17 (1976)). Less severe misconduct falls within the scope of fraud under Rule 60(b)(3). *Wilson*, 873 F.2d at 872; *Rozier*, 573 F.2d at 1339.

The standard for "fraud on the court" is demanding. *Williams*, 2010 WL 3733862 at *2 (E.D. Mo. Sept. 20, 2010); *Jackson v. Thaler*, 2009 WL 3241499, at *4 (5th Cir. Oct. 9, 2009); *see also Best v. United States*, 2011 WL 321153, at *1-2 (N.D. Ind. Jan. 26, 2011) (stating that fraud on the court is a very high bar). An action for fraud on the court should be available only to "prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). In

---

[1] While few Circuits have articulated express elements of fraud upon the court, this statement is consistent with how the doctrine has been characterized by the Eighth Circuit, which describes fraud on the court "as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." *Pfizer, Inc. v. Int'l Rectifier Corp.*, 538 F.2d 180, 195 (8th Cir. 1976); *see also Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005) (stating the elements for fraud on the court in the 3rd Circuit as: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."); *see also Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993) (stating that the elements of fraud upon the court in the 6th Circuit consist of conduct: "(1) On the part of an officer of the court; (2) That is directed to the 'judicial machinery' itself; (3) That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) That is a positive averment or is concealment when one is under duty to disclose; (5) That deceives the court").

3

order to prevail on a motion under Rule 60(d)(3), the burden is on the moving party to establish fraud by clear and convincing evidence. *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002); *England v. Doyle*, 281 F.2d 304, 309-10 (9th Cir. 1960); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002); *Weese v. Schukman*, 98 F.3d 542, 552 (10th Cir. 1996); *Galatolo v. United States*, 394 Fed. Appx. 670, 672 (11th Cir. 2010). This rigorous standard requires proof of "intent to deceive or defraud the court" through a "deliberate scheme." *Garcia v. Berkshire Life Ins. Co. of Am.*, 2008 WL 5104813, at *4 (D. Colo. Dec. 3, 2008) (citing *Buck*, 281 F.3d at 1342). "Intent to defraud is an absolute prerequisite to a finding of fraud on the court."[2] *Weese*, 98 F.3d at 553; *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995); *Switzer v. Coan*, 261 F.3d 985, 989 (10th Cir. 2001). Further, the movant must "show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *England*, 281 F.2d at 309; *Rozier*, 573 F.2d at 1338. "Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud." *Galatolo*, 394 Fed. Appx. at 672 (quoting *Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987)).

**Discussion**

"When a pro se petitioner brings a motion under Rule 60, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion." *Price v. United States*, 2010 WL 5343199, at *3 (M.D. Ala. Nov. 5,

---

[2] *See Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995) (discussing the required intent element); *see also Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (same).

4

2010); *see also Bewig v. United* States, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010); *Ward v. Norris*, 577 F.3d 925 (8th Cir. 2009). In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[3] When a Rule 60 motion attacks "some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 action as a successive § 2255 motion. *Id*. at 532-33. Such actions can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion. *Id.* at 538.

Movant argues that his Rule 60(d)(3) motion should not be branded a successive habeas petition because the motion only challenges the integrity of the proceedings, thus falling within the narrow exception referenced in *Gonzalez*. Movant makes several allegations, which ultimately serve to challenge the integrity of the § 2255 proceedings. This Court will consider each in turn, and at this time, will only consider Movant's claim as one properly raised in a 60(d)(3) motion, and will not consider whether the motion is a second or successive § 2255 motion.

Movant attacks the superseding indictment returned by the grand jury as his basis for challenging the integrity of his § 2255 proceedings. Movant claims the superseding indictment is unconstitutional because he was deprived of his federally secured rights, pursuant to 28 U.S.C. §§ 1861-1867, The Jury Selection and Service Act of 1968, to inspect and challenge the composition

---

[3] "Although the Supreme Court addressed this issue and specifically limited its holding in *Gonzalez* to the application of Rule 60(b) in habeas proceedings filed by state prisoners under 28 U.S.C. § 2254, *see* 545 U.S. at 529 n. 3," the principles announced in *Gonzalez* have been applied to § 2255 motions "because of the similarities between the applicable rules and statutes." *Bewig v. United* States, 2010 WL 4177452, at *2 (E.D. Mo. Oct. 20, 2010) (citing *Blackwell v. United States*, 2009 WL 3334895, at *4 (E.D. Mo. Oct. 14, 2009); *see also Wade v. Norris*, 577 F.3d 925, 932-33 (8th Cir. 2009) (analyzing *Gonzalez* ). "The reasoning of *Gonzalez* has also been utilized in examining motions pursuant to 60(d)." *Best v. United States*, 2010 WL 4739935, at *3 (N.D. Ind. Nov. 12, 2010) (citing *Bewig*).

of the grand jury that indicted Movant in his original criminal proceedings. Specifically, Movant argues he was "clearly deprived of his right to challenge the constitutional make up of the grand jury to investigate the disproportionate exclusion of students, women, blacks and people with Spanish surnames from the master list, to investigate pleadings to dismiss the indictment." Movant argues that "there is no evidence which proves the superceding indictment is legal and constitutional." Consequently, Movant concludes that the existence of the superseding indictment "taints the denial of his § 2255 motion, and that the denial should be vacated as an act of 'fraud upon the court by an officer of the court.'"

Movant also appears to use these underlying allegations as a basis to argue that this Court "unreasonably applied the law" during Movant's criminal trial and then concealed this "'fact' during the litigation of the § 2255" proceedings. Among the allegations, Movant states that this Court "[held] movant liable for actions that did not occur, and were based on perjured 'unreliable' testimony of co-conspirators." In support, Movant argues that "[i]t is indisputable that the alleged 'co-conspirators' referred to by [this Court] . . . testified they were not promised anything for their information and testimony, when they were clearly given leniency in their sentences, unlike the movant, to wit, 12 years, in contrast to the controlling precedent set by the Supreme Court in 'disproportionate sentencing' in *Solem v. Helm*, 463. U.S. 277 (1983)." Movant concludes that this Court "failed to invoke the rule of lenity, as held in *United States v. Wells*, 519 U.S. 482 (1997), then took pains to conceal this 'fact' in [this Court's] § 2255 order."

Movant additionally argues that this Court violated the sentencing guidelines. Specifically, Movant argues that this Court "made judge found facts at sentencing, and that 'heresay' was used to calculate the sentence, then concealed on the § 2255 order of January 29,

2008." Movant argues that "[i]t is indisputable that [this Court's] comments clearly demonstrated [this Court's] calculations were based on 'unreliable' information, which is refuted by the record." Movant states that this Court ruled the "record showed no evidence of improprieties, when the record clearly shows improprieties, to wit, the failure of counsel to challenge the legality of the grand jury process, grand jury materials and record, and whether the superceding indictment is the result of a legally and constitutionally impanelled grand jury." Movant argues that, as a result, "the jury instructions were clearly improper in this matter." Movant also argues that this Court "has no respect for the controlling rulings of the Eighth and Supreme Courts" and "there exists evidence of the repeated failure [of this Court] to adhere to both controlling Supreme Court holdings, as well as to the 'intent' of Congress." Movant states "questions have been raised" regarding whether this Court "should have even been allowed to hear and rule on the [§ 2255] petition." Ultimately, Movant argues that this Court "should have been disqualified from hearing the § 2255 pleadings" for these perceived violations.

The Court finds Movant's allegations attacking the integrity of the § 2255 proceedings do not rise to the level that is required by case law to show fraud on the court. Movant fails to adequately explain why the superseding indictment is not legal or how it is unconstitutional. Movant also does not expand on why he believes any alleged impropriety concerning the superseding indictment tainted the § 2255 proceedings, how this Court concealed anything during the litigation of the § 2255 proceedings, or how the denial of his § 2255 motion amounted to a fraud on the court. Other than in this Motion, this Court finds, and Movant provides, no evidence that Movant ever tried to assert his right to inspect the grand jury list, in order to necessitate a finding that there was a deprivation of his rights. Rather than provide an explanation for his

7

failure to ever raise this claim prior to the present motion, Movant instead argues that the Court must have impermissibly intervened in "all pre-trial activity which led to the superceding indictment." Movant further accuses the Court of being "an active participant" in a "conspiracy," along with the Assistant United States Attorney, and Movant's defense counsel, to deprive him of his rights and "conceal the grand jury materials." This Court finds that Movant fails to provide any evidence to support his allegation of a "'custom, policy and practice' of the oppression of rights secured by 28 U.S.C. § 1861-1867 by these courts and the United States Attorney's Office of the Eastern District of Missouri." Movant does not describe his defense counsel's or the Assistant United States Attorney's roles in this alleged conspiracy. Likewise, Movant does not reveal how this Court actively conspired against him, or provide evidence of an "effort by the government to conceal grand jury material from the movant, and oppress him" of his federal rights, except to state that "[d]uring the litigation of the § 2255 pleadings, [this Court] acknowledged the filing of a 'superceding indictment.'" Movant also provides no explanation for how the Court's acknowledgment of the superseding indictment proves there was an effort by the government to conceal grand jury material from him in order to deprive him of his rights. Movant merely states that the "record supports these allegations" and "shows outrageous government conduct," "which resulted in a fundamental miscarriage of justice in this case."

This Court concludes that Movant will not be entitled to relief under 60(d)(3). Movant's allegations do not rise to the level that is required by case law to show fraud on the court in order to entitle him to relief in an action in equity under Rule 60(d)(3). The allegations are unsubstantiated and wholly insufficient to suggest, much less demonstrate, fraud on the court as contemplated by Rule 60(d)(3). Movant fails to elaborate, beyond his conclusory allegations, how

8

fraud on the court was committed. *Booker*, 825 F.2d at 283-84. Nor does he provide clear and convincing probative facts indicating that there was an unconscionable plan or scheme to improperly influence the court. *Rozier,* 573 F.2d at 1338. Thus, there is nothing in the record to indicate a need to correct a clear error or to prevent a grave miscarriage of justice. *Beggerly,* 524 U.S. at 47. Consequently, there is no merit to Movant's claim alleging a fraud on the court, and he is not entitled to any relief under Rule 60(d)(3).[4]

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under Federal Civil Rules of Procedure Pursuant to Rule 60(d)(3) Requesting Reconsideration for Reopening the Original Judgment Denying the § 2255 Petition [doc. #6] is **DENIED**.

Dated this 16th Day of March, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] Furthermore, while claims of fraud upon the court are not governed by the one year limitations period, they must be commenced within a "reasonable time of the discovery of the fraud." *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007). The present motion was not filed until nearly three years after this Court denied Movant's § 2255 motion. The denial of the 2255 motion occurred on January 29, 2008. This Court is not persuaded that Movant has filed this motion within a "reasonable time" and finds this delay would provide sufficient grounds to deny the motion.